# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-07501-RGK (VBKx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | *HOME SALES, INC. v. HERNANDEZ* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS)** Order Remanding Action to State Court    JS-6

On September 3, 2010, Jose Hernandez ("Hernandez") filed a Complaint for Breach of Contract against Chase Bank, N.A. and Ndex West, LLC. in Los Angeles Superior Court ("Chase Action"). The Chase Action also alleges that the defendnats violated 15 U.S.C. § 1601 ("TILA") and 12 U.S.C. § 2601 ("RESPA"). In an unrelated matter, Home Sales, Incorporated ("Home Sales") filed an Unlawful Detainer action against Hernandez in state court ("UD Action"). On October 7, 2010, Hernandez filed a Notice of Removal under the UD Action. Although the Notice of Removal was filed under the UD Action, Hernandez attached a copy of the Chase Action to the Notice. It appears, that Hernandez intended to removed both the UD Action and the Chase Action.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

As to the UD Action, Home Sales's Complaint is a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. The Complaint does not set forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). Moreover, Hernandez's Notice fails to set forth sufficient facts regarding the parties' citizenship or how the amount in controversy exceeds $75,000 in the UD Action. Accordingly, Hernandez's removal is improper for lack of jurisdiction.

As to the Chase Action, it is well-settled that only a defendant has the authority to remove an action to federal court. *See* 28 U.S.C. § 1441(a) (stating "any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the *defendant or the*

*defendants* . . .") (emphasis added). Therefore, it is irrelevant whether the Court has jurisdiction over any claims that invoke TILA and RESPA because Hernandez is the plaintiff in the Chase Action. Accordingly, the Court finds that Hernandez's removal of the Chase Action is improper.

For the foregoing reasons, the Court **REMANDS** the action(s) to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw/ak |  |